UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

ARTURO SAENZ-ALVARADO,

    Petitioner,

V.

MICHAEL SEPANEK, Warden,

    Respondent.

Civil Action No. 7: 16-113-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Arturo Saenz-Alvarado[1] is a former federal inmate. While confined at the United States Penitentiary - Big Sandy in Inez, Kentucky, Saenz-Alvarado filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he was entitled to an earlier release date if the BOP properly calculated his credits for time spent in pretrial custody. [R. 1]

In January 2002, Saenz-Alvarado pled guilty to illegal entry into the United States, and was sentenced to six months in prison. *United States v. Saenz-Alvarado*, No. 1:01-CR-5438-DLB-1 (E.D. Cal. 2001). A decade later in January 2012, Saenz-Alvarado was arrested by police near Oklahoma City, Oklahoma on a warrant for several pre-existing state charges. In June 2012, the state court dismissed those charges but sentenced him to four months imprisonment, essentially time served, on a charge of obstructing police during his arrest. [R. 1-1 at 6]

He was then taken into federal custody pursuant to a detainer filed by Immigration and Customs Enforcement ("ICE"). Following an investigation, in July 2012 he was charged with

---

[1] Petitioner identifies himself as "Arturo Alvarado Saenz" [R. 1 at 1], but the Bureau of Prisons ("BOP") states that his name is "Arturo Saenz-Alvarado, https://www.bop.gov/inmateloc/ (last visited on June 2, 2017), the name under which he was prosecuted, see *United States v. Saenz-Alvarado*, No. 5:12-CV-165-C-1 (W.D. Okla. 2012). To maintain consistency across court records, the Clerk of the Court will correct his name in the docket.

illegal re-entry into the United States. Saenz-Alvarado pled guilty, and was sentenced to 57 months imprisonment, with no term of supervised release to follow. *United States v. Saenz-Alvarado*, No. 5:12-CV-165-C-1 (W.D. Okla. 2012).

Over three years later, Saenz-Alvarado asserted to the BOP that in January 2012 he had actually been taken into custody simultaneously by federal marshals and state police, and claimed as a result that he was entitled to credit against his federal sentence from January 2012 to June 2012. [R. 1 at 6-7; R. 1-1 at 1] The BOP denied that request as factually baseless, legally impermissible under 18 U.S.C. § 3585(b), and unaffected by the doctrines articulated in *Willis v. United States*, 438 F. 2d 923, 925 (5th Cir. 1971) and *Barden v. Keohane*, 921 F. 2d 476 (3d Cir. 1990). [R. 1-1 at 4, 6-7]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The BOP was plainly correct to reject Saenz-Alvarado's quest for additional sentencing credits. This is true even if it took at face value his assertion that he was taken into federal custody in January 2012, as the next four months he spent in custody were credited against his state sentence, and hence could not be double counted under Section 3585(b). But more fundamentally, the Court must deny Saenz-Alvarado's petition as the BOP's online Inmate Locator database indicates that was released from federal custody on October 4, 2016. Because no term of supervised release followed his federal sentence, Saenz-Alvarado's release from custody renders his petition moot. *McClain v. Bureau of Prisons*, 9 F. 3d 503, 504 (6th Cir. 1993).

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall modify the docket to correctly identify the petitioner as "Arturo Saenz-Alvarado."

2. The petition filed pursuant to 28 U.S.C. § 2241 by Arturo Saenz-Alvarado [R. 1] is **DENIED AS MOOT**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

Dated June 6, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY